UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BASIL YOUNG | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 303CV0216(MRK) |
| v. | : |
| COOPER SURGICAL, INC. | : |
| Defendant. | : JANUARY 27, 2004 |

## DEFENDANT'S MOTION ON CONSENT TO EXTEND PRETRIAL DEADLINES

Pursuant to Local Rule 7(b), the defendant, CooperSurgical Inc., ("defendant"), respectfully requests a thirty (30) day extension of all remaining pre-trial deadlines. Specifically, defendant requests: (1) a 30 day extension of time to complete discovery, to and including March 2, 2004; (2) a 30 day extension of time to file dispositive motions, to and including April 2, 2004; and (3) a 30 day extension of time to file the joint trial memorandum, to and including May 6, 2004 or forty-five (45) days after the date of the court's decision on the dispositive motions, whichever is later.

In support of its motion, the undersigned counsel for defendant represents as follows:

1.  This extension of time is necessary because the plaintiff's deposition has not been completed in this matter and plaintiff has not provided outstanding discovery responses, despite defense counsel's diligent efforts.

2.  Plaintiff's deposition finally commenced on November 18, 2003. Shortly thereafter, defendant served its second set of discovery responses to follow up on certain issues from

the deposition. To date, plaintiff has still not responded to these document requests and interrogatories.

3. Plaintiff has still failed to provide complete responses to the defendant's first set of discovery. Defense counsel has written letters on September 25, 2003, November 25, 2003, January 9, 2004 and January 27, 2004 requesting this and other information. Defense counsel has also made oral requests for this information. Copies of defense counsel's letters are attached hereto as Exhibits A, B, C and D, respectively.[1]

4. In addition, plaintiff's deposition has not yet been completed. Defense counsel has requested dates for the deposition on several occasions. See Exhibits B, C, and D.

5. Most recently, on January 21, 2004, defense counsel called plaintiff's attorney to obtain any dates on which he was available to complete plaintiff's deposition. He said that due to his trial schedule, he was not available until February 27th or March 3rd. Defense counsel re-noticed the plaintiff's deposition for the first available date provided - February 27, 2004.

6. In the absence of the requested extension, the deadline for defendant to complete discovery is February 2, 2004.

7. Plaintiff's counsel has been contacted and he consents to this motion.

8. This is the defendant's fourth request for an extension of the pre-trial deadlines.

---

[1] Given the impending discovery deadline and given that the requested information is months overdue, defense counsel recently informed plaintiff's attorney that if complete responses to the outstanding discovery are not received by February 2, 2004, she will have no choice but to seek to compel the discovery from the court.

WHEREFORE, defendant respectfully requests that its Motion on Consent to Extend Pre-trial Deadlines be granted.

        THE DEFENDANT,
        COOPERSURGICAL INC.

By: *(signature)*
    Deborah DeHart Cannavino (CT 08144)
    TYLER COOPER & ALCORN, LLP
    One Landmark Square
    Stamford, CT  06901-2501
    Telephone: (203)348-5555
    Fax: (203) 348-3875
    Cannavino@TylerCooper.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, to all counsel and pro-se parties of record this 27th January, 2004:

Thomas W. Bucci
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

_____
Deborah DeHart Cannavino

**EXHIBIT "A"**



**Tyler Cooper & Alcorn, LLP**

*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com

One Landmark Square
19th Floor
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison



September 25, 2003

CONFIDENTIAL
ATTORNEY CLIENT COMMUNICATION
WORK PRODUCT PROTECTION

Thomas Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

    Re:   <u>Basil Young v Cooper Surgical Inc.</u>

Dear Tom,

       I write to follow up on plaintiff's response to Defendant's First Request for the Production of Documents.

       Request No. 46 requests "[a]ny and all documents concerning your efforts to obtain alternative employment." Plaintiff responded "The Monroe Engineering Group." That is not sufficient. Plaintiff needs to provide all documents concerning his efforts to obtain employment after his termination from CooperSurgical.

       Request No. 60 seeks "[a]ny and all documents concerning your income, benefits or other compensation or remuneration received as a result of obtaining any alternative employment." Plaintiff responded "See unemployment records." This response is not sufficient. We need to have copies of plaintiff's W-2s, 1099's, offer letters and any other documents concerning the income, benefits or other compensation received from, at a minimum, the two employers plaintiff identified in response to Interrogatory No. 6, Monroe Engineering Group and Bock USA, Inc.

       Request No. 61 seeks "[a]ny and all documents, including but not limited to, pay stubs, W-2 and 1099 forms, federal income tax returns filed, which relate to or otherwise reflect whether you have held or presently hold any job, or any services you have rendered or continue to render from January, 2000 to the present. In addition, please execute the IRS Taxpayer Form attached as Exhibit A.

September 25, 2003
Page 2

In his response, plaintiff provided only a signed copy of the IRS authorization. Plaintiff did not provide any pay stubs, W-2 and 1099 forms, or any federal income tax returns. We will need this information immediately.

Since the plaintiff deposition is being conducted on Thursday, October 2, 2003, we will need these documents prior to that date.

Very truly yours,

Deborah DeHart Cannavino

DDC:jhl

EXHIBIT "B"



**Tyler Cooper & Alcorn, LLP**

Counsellors at Law

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.8355

New Haven
Hartford
Stamford
Madison

November 25, 2003

CONFIDENTIAL
ATTORNEY CLIENT COMMUNICATION
WORK PRODUCT PROTECTION

Thomas Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

Re: <u>Basil Young v. Cooper Surgical Inc.</u>

Dear Tom,

I write to follow up on certain discovery issues in this case.

First, plaintiff's responses to defendant's First Request for the Production of Documents and Interrogatories remains incomplete. I wrote to you on September 25, 2003 setting forth the specific additional documents necessary. Copy attached. To date, we have not received any additional documents. Please have these documents sent to me as soon as possible. In addition, at the plaintiff's deposition, we requested certain additional discovery. Please send it to me.

Secondly, we need to schedule the completion of your client's deposition in December. I am available on December 16, 19, or if necessary, 22, 23. Please let me know which date is best for you and your client. Of course, in order to complete your client's deposition, we will need to receive all outstanding discovery in advance of the scheduled date.

Very truly yours,

Deborah DeHart Cannavino

DDC:jhl

**EXHIBIT "C"**



**Tyler Cooper
& Alcorn, LLP**

*Counsellors at Law*

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

January 9, 2004

CONFIDENTIAL
ATTORNEY CLIENT COMMUNICATION
WORK PRODUCT PROTECTION

<u>Via Facsimile</u>
Thomas Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

Re:   <u>Basil Young v. Cooper Surgical Inc.</u>

Dear Tom,

I write again to follow up on certain discovery issues in this case.

First, plaintiff's responses to Defendant's First Request for the Production of Documents and Interrogatories remains incomplete. I wrote to you on September 25, 2003 setting forth the specific additional documents necessary. I also reminded you of this outstanding discovery on November 25, 2003. To date, we have not received any additional documents. Please have these documents sent to me as soon as possible. We need to have this information to complete the plaintiff's deposition.

Secondly, at the plaintiff's deposition, we requested certain additional discovery. Please send it to me in advance of the plaintiff's deposition.

Thirdly, we need to schedule the completion of your client's deposition in January. I am available on January 26 or 29, 2003. Please let me know which date is best for you and your client. Of course, in order to complete your client's deposition, we will need to receive all outstanding discovery in advance of the scheduled date.

Very truly yours,

Deborah DeHart Cannavino

DDC:jhl

**EXHIBIT "D"**



# Tyler Cooper
# & Alcorn, LLP
Counsellors at Law

Deborah D. Cannavino
Counsel
203.425.2475
Fax: 203.348.3875
cannavino@tylercooper.com
www.tylercooper.com

Two Landmark Square
Suite 214
Stamford, CT
06901-2501
203.348.5555

New Haven
Hartford
Stamford
Madison

January 27, 2004

CONFIDENTIAL
ATTORNEY CLIENT COMMUNICATION
WORK PRODUCT PROTECTION

<u>Via Facsimile and Regular Mail</u>
Thomas Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

      Re:    <u>Basil Young v. Cooper Surgical Inc.</u>

Dear Tom,

      I write again to follow up on certain discovery issues in this case.

      First, plaintiff's responses to Defendant's First Request for the Production of Documents and Interrogatories remains incomplete. I wrote to you on September 25, 2003 setting forth the specific additional documents necessary. I also reminded you of this outstanding discovery on November 25, 2003 and January 9, 2003. To date, we have not received any additional documents.

      Secondly, at the plaintiff's deposition, we requested certain additional discovery. Please send it to me in advance of the plaintiff's deposition.

      Thirdly, we received *no* responses to our Second Set of Interrogatories and Second Request for the Production of Documents, which were served on November 25, 2003.

      Fourthly, we still need to schedule the completion of your client's deposition. During our telephone conversation on January 22nd, you stated that you were not available until February 27th or March 3rd. However, you said that you needed to confirm your client's availability on those dates as well. Having not heard back from you, I re-noticed plaintiff's deposition for February 27, 2004.

Tom Bucci
January 27, 2003
Page 2

      Unfortunately, we will be forced to move to compel plaintiff's responses to the above discovery from the court if we do not have complete responses by February 2, 2004. While I understand that you have had some difficulty with your client providing the requested information, I am very concerned because discovery is closing and this discovery is months old.

                              Very truly yours,

                              Deborah DeHart Cannavino

DDC:jhl