STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE</u>

DATE:   March 31, 1995                    CASE NO: 9520629

My name is Basil Young and I reside at 337 Sylvan Avenue, Bridgeport, CT 06606.

The respondent is State of CT, Department of Social Services and its agent, Ms. Constance Onofrio whose business address is 925 Housatonic Avenue, Bridgeport, CT 06606.

I was

( )discharged
( )suspended
( )placed on probation
( )earning a different rate of pay
( )demoted
( )given a discipline evaluation
( )verbal  ( )written
(x)denied equal public accommodation
( )unequal training
( )harassed ( )racially ( )sexually
  and continuing

( )not hired/not promoted
( )not rented a dwelling
( )denied sale of dwelling
( )aiding and abetting
( )denied union representation
( )constructively discharged
( )retaliated
( )not hired  ( )reinstated due to my
( )physical  ( )mental disability
( )denied reinstatement after
  pregnancy leave

on August 1, 1994 and believe that my:

(x)race, African American( )national origin
(x)color, Black
( )sex
( )related to pregnancy
( )ancestry
( )age    DOB:
( )religion

( )marital status
( )physical disability
( )mental retardation
( )religious creed
( )familial status
( )sexual orientation

( )mental disorder
( )alienage
( )previously opposed,
( )filed ( )assisted
( )learning disability
( )religious creed

as in part a factor(s) in this action.  I believe that the respondent violated the following Connecticut General Sections (statutes) and [act(s) listed below]:

)46a-60 (a)(1)
)46a-60 (a)(4)
)46a-60 (a)(3)
)46a-60 (a)(5)
)46a-60 (a)(7)( )( )( )( )
)46a-60 (a)(8)(3)( )( )( )( )
)46a-64 (a)(1)(2)
)46a-64c(a)( )( )( )
)46a-64c(a)(4)(A)
)46a-64c( )( )
)46a-81c (Employment)
)46a-81d (Public Accommodation)
)46a-81e (Housing)
)46a-71(a)( )( )( )

( )Title VII of the Civil Rights
   Act of 1964, as amended, by the
   Civil Rights Act of 1991
( )Age Discrimination in
   Employment Act, of 1967,
   29 U.S.C. 621-634
( )Americans with Disabilities
   Act, 42 U.S.C Title I
( )Equal Pay Act of 1964, U.S.C.
   206
( )Section 503 of the Rehabilitation
   Act of 1973, as amended
( )Section 504 of the Rehabilitation
   Act of 1973, as amended
( )Title VIII of the Civil Rights Act of 1968, as amended by
   the Fair Housing Amendment Act of 1988 (U.S.C 300-6628)

DEFENDANT'S
EXHIBIT
PENGAD 800-631-6989
Young 11
2/21/04 djus

-2-

I provide the following particulars:

1. My name is Basil Young and I reside at 337 Sylvan Avenue, Bridgeport, CT 06606.

2. The Respondent is State of CT, Department of Social Services and its agent Ms. Constance Onofrio whose business address is 925 Housatonic Avenue, Bridgeport, CT 06606.

3. I applied at respondent on August 1, 1994 for public assistance.

4. On August 1, 1994, I was approached by Ms. Constance Onofrio and falsely accused of fraud; misrepresented, incriminated, harassed, threatened, inferred to as a dead-beat who is defrauding the state systems and denied assistance.

5. On October 12, 1994, I re-applied at respondent for assistance and submitted documents to the intake worker, Ms. Margaret McKissick.

6. On October 12, 1994, I was again approached by Ms. Constance Onofrio and falsely accused of fraud relating to unemployment compensation benefits; misrepresented, harassed and slandered to security and others present , labeled as a larcenist and career fraudulent and was denied access to intake for assistance.

7. On November 4, 1994, I attended a hearing at Respondent, regarding the refund of the tax year 1993 offset. The Hearing was convened by Mr. Rafael Garbalosa, Hearing Officer, for the Office of Administrative Hearing and Appeals and Ms. Ana Belcher, the Support Enforcement Division Officer.

8. On November 4, 1994, while the hearing was in process, we were rudely interrupted by Ms. Constance Onofrio who insisted and stated, she should have had a role in the Hearing (even though this was a separate issue that did not concern her department or jurisdiction) since I am a multiple fraudulent who must be treated and rejected as a criminal, security was alerted along with various DIM administrators.

9. Ms. Onofrio continued on November 4, 1994, with impropriety and blatant disregard and contempt for the law. I was violated in due process and the right to a fair hearing; prejudiced, smeared and demoralized by her abuse of the power of her office and the administration.

10. On January 30, 1995, I again re-applied at Respondent for assistance, and was processed by Intake worker, Mr. Dorian Lord.

11. On January 30, 1995, while being processed by Mr. Lord, we were abruptly and disrespectfully interrupted by Mr. Drew Artenson, who made false statements that I was convicted fraudulent and willful non-discloser for benefits. Inferences were made as to a Workers' Compensation Claim and fraud. Mr. Artenson also stated per Ms. (Conny) Onofrio's instruction to Mr. Lord, to have the Young's sign additional forms, and a blank piece of paper and must schedule an appointment with her or else deny the application.

12. On January 30, 1995, I was again subjected to character assassination, red-taping, and non-compliance with policy.

13. Upon knowledge and belief, information as well as a Connecticut Post newspaper editorial dated September 20, 1994 by columnist Ken Dixon was submitted to former and prospective employers, landlords, as well as various state department; alleging Welfare and Unemployment Compensation fraud arrests.

14. Subsequently, I was wrongfully discharged by employer, KX Industries, L.P., served summary process eviction summons from landlord and received notice from the Department of Social Services/Bridgeport, of denial of application for assistance.

15. My family and I have been singled out, scapegoated for political purposes, intimidated with duress, and demonized. We have had to sell our limited possessions and rely on credit for support sustaining hardship. While our career and reputation hangs in the balance, all because of Ms. Donofrio's rush to judgement and misguided ambition! "I have recognized your zeal but it is not according to knowledge; you have persecuted this family, tearing down what I have endeavored to build in decency - how ironic and counter productive to your charter."

16. No response to date of complaint requests to the Department of Social Services heads, Ms. Joyce Thomas and Ms. Patricia Giardi.

17. I believe that I was discriminatorily denied assistance, defamed, deprived of due process and falsely arrested, because of my race, African American and my color, Black.

je 4

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

I, Basil Young being duly sworn, on oath, states that s/he is the complainant herein; that s/he has read the foregoing complaint and knows the content hereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at Bridgeport, Connecticut this 31st day of March, 1995.

_____
Complainant's Signature

Subscribed and sworn to before me this 31st day of March, 1995.

_____
Notary Public/Commission Of
Superior Court

My commission expires

_____

bh

TERRY P. ZULLO
NOTARY PUBLIC
My Commission expires August 31, 1998



# STATE OF CONNECTICUT

*COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES*

SOUTHWEST REGION OFFICE

1057 BROAD STREET BRIDGEPORT, CONNECTICUT 06604

TEL. (203) 579-6246

FAX: (203) 579-6950

IN REPLY:

MERIT ASSESSMENT - NOTICE CLOSURE            FORM 407(SOU)

CERTIFIED MAIL Z 272 424 287

June 23, 1995

Basil Young
337 Sylvan Avenue
Bridgeport, CT 06606

Dear Mr. Young:

Re:  **MERIT ASSESSMENT CASE DETERMINATION**
     **CHRO CASE NO: 9520629 Basil Young v. State of CT**
     **Department of Social Services  EEOC CASE NO: 16A951577**

Notice is hereby given that pursuant to Public Act 94-238, the Commission has processed your complaint through merit assessment process.

Further, you are hereby notified that as a result of these activities, your complaint has been reviewed out for reasons that there is no reasonable possibility that further investigation will result in finding of reasonable cause inasmuch as it was determined that you were denied Public Assistance for failure to establish eligibility.  the file revealed that you did not provide the decision on Unemployment, school letters for your children, car registration and a completed form on Rights and Responsibilities. The issue on your arrest, defamed and deprived of due process will be revealed at your trial scheduled for July, 1995.  Therefore it does not appear that your race and color was a motivating factor in the Department of Social Services denying your application for Public Assistance.

The complainant may apply for reconsideration, requesting that the Commission reconsider its decision of the closing its investigation of your complaint, as provided in subsection (e) of Section I of Public Act 94-238.  The reconsideration request must be in writing and filed at the Commission's administrative offices (see below for address) within fifteen (15) calendar days from the date of this letter. It is the complainant's responsibility to file a timely request.  Untimely requests will not be considered.  The request should state specifically the grounds upon which the application based.  No new documentation or evidence can be considered as only documentation in the case file at the time of dismissal will be

Merit Determination
Page 2

reviewed.   Any request for reconsideration must be submitted to:

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
ATTENTION;   REGIONAL MANAGER
1057 BROAD STREET
BRIDGEPORT CT 06604

A copy of your request for reconsideration must be mailed to the respondent and respondent's attorney, if any, <u>at the address listed at the bottom of this letter</u>.   You should certify that you have done so in your request for reconsideration filed with the Commission.

Instead of filing a <u>timely</u> request for reconsideration, the complaint may appeal this disposition to the Superior Court of the State of Connecticut.   Any appeal must strictly comply with all of the applicable statutory procedures, requirements, and time frames.

You may wish to consult an attorney regarding the proper filing of an administrative appeal.

Very truly yours,

Robert Zamlowski
Acting Regional Manager

bh/PR
Enc: Certification Form

pc:   Complainant's Attorney: n/a
      Respondent: Mary Jean Sadler, Acting Director, State of CT
      Department of Social Services, 925 Housatonic Avenue,
      Bridgeport, CT 06604    CERTIFIED MAIL Z 272 424 288
      Respondent's Attorney: n/a

                                    Revised: 2/14/95

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
### AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

DATE: 10/6/97

CASE NO: 445 0036

**For CHRO use only**

My name is ___Basil Young___ and I reside at 901 Sylvan Avenue, Bridgeport, CT 06606 .

The respondent is ___Darlene Rucker___ whose business address is 871 Sylvan Avenue, Bridgeport, CT 06606

I was

( X ) sent an eviction notice
( ) evicted
( ) denied a reasonable accommodation
( ) denied a mortgage loan
( ) denied a home equity loan
( ) denied a loan secured by my dwelling
( ) discriminated against in the provision of services or facilities
( x ) discriminated against in terms and conditions of rental

( ) told a unit was unavailable when it was in fact it was available
( ) not sold a dwelling
( ) not rented a dwelling
( x ) harassed ( ) sexually harassed
( ) denied access to broker's services
( ) other

Notice to Quit served on 8/11/97; judgment of eviction entered on
on _____ and believe that my:
10/1/97

( x ) race
( ) color
( ) sex { }male { }female
( ) age, DOB:
( ) pregnancy
( ) ancestry
( x ) national origin
( ) marital status

( ) physical disability
( ) mental disability
( x ) religious creed
( ) familial status (family with minor children)
( ) sexual orientation
( ) learning disability
( ) lawful source of income

was in part a factor in this action. I believe that the respondent violated the following Connecticut General Statutes and acts listed below; and ( ) enforced through Section 46a-58(a) (if applicable):

( ) 46a-64c(a)(2)( )
( ) 46a-64c(a)( )( )
( ) 46a-64c(a)( )( )
( ) 46a-64c(a)( )( )
( ) 46a-64c( )( )
( ) 46a-81e( )( )( )
( ) 46a-81e( )( )( )
( ) other_____

( ) 42 U.S.C. 1981
( ) 42 U.S.C. 1982
( ) Title VIII of the Civil Rights Act of 1968, as amended,
    42 U.S.C. 3601 et seq.
( ) Americans With Disabilities Act, 42 U.S.C. 12101 et seq.

DEFENDANT'S EXHIBIT 15
Young
2-27-04 dms
PENGAD 800-631-6989

*Page 1 of _____*

SEUI-103a

Issued 7/1/97

*** (Use numbered short paragraphs for each specific allegation)

SEE ATTACHED.

OFFICE OF FAIR
HOUSING AND
EQUAL OPPORTUNITY

Oct 14  10 58 AH '97

Page 2 of _____

Issued 7/1/97

1. The rental unit at issue is an owner occupied two family dwelling.

2. My family has been evicted from this apartment. The reason given was that I called the police when the landlord harassed me for the rent. She said she decided to evict when I called the police.

3. I believe the real reason was discrimination based on race and national origin.

4. I am an African-American of Jamaican national origin.

5. On 6/22/97, my wife, my 18-year old son and I entered into a lease for $725 per month rent.

6. On 7/7/97, the landlord asked me to identify my national origin and religion. When I told her, she said, "I already had one bad intimate relationship with a Jamaican."

7. On 7/28/97, the landlord made demand for August rent not yet due.

8. On 8/7/97, immediately after returning home from work, I was approached by the landlord and her brother who harassed me and threatened me for August rent, not yet due because the 10-day grace period had not expired.

9. At that time, I called the police as Ms. Rucker was pounding on my door yelling, "You Jamaican punk, this is not your country . . . open the door . . . this is my house . . . get out." She also said, "The Holy Ghost told me about you, not to rent to you."

10. On 8/11/97, my family and I were served with a notice to quit based on lapse of time.

11. Our relationship with the landlord was going well until I told her my national origin and religious beliefs. I believe this eviction, based on lapse of time when we had been in the apartment less than two months, was motivated by her discovery of my national origin and religious beliefs.

**IMPORTANT: YOU** A **OBTAIN A NOTARIZATION** : UR COMPLAINT
BEFORE YOU RETURN THIS FORM

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

_Basil Young_ being duly sworn, on oath, states that s/he is the Complainant herein; that s/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at _Bridgeport_, Connecticut this _2nd_ day of _Oct_, 19_97_.

(Complainant's Signature)

Subscribed and sworn to before me this _2nd_ day of _Oct_, 19_97_

Notary Public/~~Commissioner of~~
~~the Superior Court~~

My commission expires: _5/31/01_

Oct 14 10 58 AM '97
DIRECTOR
OFFICE OF FAIR HOUSING
AND EQUAL OPPORTUNITY

Page 3 of _____

SEUI-103a

Issued 7/1/97



CONNECTICUT COMMISSION on HUMAN RIGHTS & OPPORTUNITIES

April 1, 1998

Basil Young
P.O. Box 3552
Milford CT 0646

Darlene Rucker
871 Sylvan Ave.
Bridgeport CT 06606

Re:     Case No. 9850036 - Young v. Rucker

Dear Parties:

The representative of this agency assigned to the above-entitled complaint has completed the processing of the complaint and has made the determination that the complaint be disposed of as: WITHDRAWAL BY COMPLAINANT.     A copy of the written summary of the findings is enclosed.

Sincerely,

Robert J. Zamlowski
Supervisor
Special Enforcement Unit

RJZ:db
Enclosure



21 GRAND STREET · HARTFORD · CONNECTICUT 06106 (860) 541.3400 FAX (860) 246.5068 Toll Free in Connecticut 1.800.477.5737

Affirmative Action / Equal Opportunity Employer



DEFENDANT'S
EXHIBIT 14
Young
2/27/04 dms

RECEIVED
APR 1 2 2000
CONN. ON HUMAN RTS. & OPP.
STAMFORD REGIONAL OFFICE

STATE OF CONNECTICUT

COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

DATE: _____                 CASE NO.: _0020360_

My name is___ Basil Young _____and I reside at___ 3370 Madison Avenue
_Brideport, CT 06606_____

The respondent is___ Cytec Industries _____whose business
address is___ 1937 West Main Street Stamford, CT 06904 _____

I was
( ) terminated                    (X) not hired
( ) suspended                     ( ) not promoted
( ) demoted                       ( ) harassed ( ) sexually harassed
( ) warned                        ( ) retaliated against
( ) placed on probation           ( ) earing a different rate of pay
( ) given a poor evaluation       ( ) constructively discharged
( ) denied a raise                ( ) delegated difficult assignments
( ) less trained                  ( ) other _____
( ) discriminated against in terms and conditions of employment
on ___ March 21, 2000 _____ and believe that my

(X) race -                        ( ) national origin -
( ) color -                       ( ) ancestry -
( ) sex [ ] male [ ] female       ( ) religious creed -
(X) age DOB: 2/1/59               ( ) marital status -
( ) previously opposed, filed     ( ) physical disability -
    or assisted                   ( ) mental disorder -
( ) sexual orientation            ( ) mental retardation -
                                  ( ) learning disability -

was in part a factor in this action.  I believe that the respondent
violated the following Connecticut General Statutes and other acts
listed below; ( ) enforced through C.G.S. § 46a-58(a) (if applicable):

(X) 46a-60(a)(1)         (X)   Title VII of the Civil Rights Act of 1964,
( ) 46a-60(a)( )               as amended, 42 U.S.C. 2000e and the Civil
( ) 46a-60(a)( )               Rights Act of 1991{cite for 15+ employees}
( ) 46a-60(a)(7)( )( )( )  (X)  Age Discrimination in Employment Act of
( ) 46a-60(a)(8)( )( )( )       1967, 29 U.S.C. 621-634 {cite for 20+
( ) 46a-                       Employees}
( ) 46a-                 ( )   Americans with Disabilities Act, 42 U.S.C.
( ) 46a-80( )                  12101 et seq {cite for 15+ employees}
( ) 46a-81( )( )( )       ( )   Equal Pay Act of 1964
( ) 46a-81( )( )( )       ( )   Section 504 of the Rehabilitation Act of
                               1973, as amended
other_____

(PLEASE TYPE OR PRINT THE INFORMATION IN INK)

(Use numbered short paragraphs for each specific allegation)

I provide the following particulars:  SEE ATTACHED AFFIDAVIT OF BASIL YOUNG

## AFFIDAVIT OF BASIL YOUNG

1.    I am a citizen of the United States and I reside at 3370 Madison Avenue,
      Bridgeport, Connecticut.

2.    At all times relevant to the dispute in question Reynolds Technical
      Services, Inc. was acting as the agent for Cytec Industries.

3.    On information and belief Cytec Industries duly authorized Reynolds
      Technical Services, Inc. to act as its agent in    obtaining a qualified
      candidate for employment with Cytec Industries serving in the position of
      Lab Technician.

4.    Reynolds Technical Services, Inc. referred me to Cytec Industries on
      February 24, 2000 for employment in the position of Lab Technician.

5.    On or about March 1, 2000 Maria Cappadona, an employee of Cytec
      Industries, serving in a Human Resource capacity, interviewed me.

6.    I possess the qualifications necessary for appointment to the position of
      Lab Technician with Cytec Industries.

7.    At the conclusion of my interview with Cytec Industries, Cytec Industries,
      acting through its agent, Reynolds Technical Services Inc. extended an
      offer of employment to me with a start date of March 6, 2000.

8.    Prior to my start date, Cytec Industries requested that I submit three
      previous job references.

9.    I complied with its request and forwarded to Reynolds Technical Services, Inc., as agent for Cytec Industries, the three references that Cytec Industries had requested.

10.    On March 21, 2000  Reynolds Technical Services, Inc., acting as an agent for Cytec Industries, informed me that Cytec Industries would not employ me.

11.    There is no legitimate, non-discriminatory, reason for Cytec Industries refusing to employ me to the position of Lab Technician.

12.    I am an African-American and believe that my race was a motivating factor in the decision by Cytec Industries in refusing to hire me to the position of Lab Technician.

13.    I am over 40 years of age.

14.    I believe that my age was a motivating factor in the decision by Cytec Industries in refusing to employ me.

IMPORTANT: YOU MUST OBTAIN A NOTARIZATION OF YOUR COMPLAINT BEFORE YOU
RETURN THIS FORM.

I request the Connecticut Commission on Human Rights and Opportunities
investigate my complaint, secure for me my rights as guaranteed to mu
under the above cited laws and secure for me any remedy to which I may
be entitled.

_____Basil Young_____ being duly sworn, on oath, states
that s/he is the Complainant herein; that s/he has read the foregoing
complaint and knows the content thereof; that the same is true of
her/his own knowledge, except at to the matter herein stated on
information and belief and that as to these matters s/he believe the
same to be true.

Dated at ___Bridgeport_____, Connecticut this $6th$ day of __April____,
2000 .

_____
(Complainant's Signature)
Basil Young

Subscribed and sworn to before me this _____ day of ___April_____,
2000.

_____
Commissioner of
The Superior Court
Thomas W. Bucci
My commission expires:_____



# STATE OF CONNECTICUT
*COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES*
SOUTHWEST REGION OFFICE
1057 BROAD STREET BRIDGEPORT, CONNECTICUT 06604
TEL. (203) 579-6246
FAX: (203) 579-6950

IN REPLY:

Certified No 7099 3400 0004 9990 4308

September 11 2000

Basil Young
3370 Madison Avenue
Bridgeport, CT 06606

### RE:    NOTICE OF FINAL AGENCY ACTION
### CASE NO.  0020360 Basil Young v. Cytec Industries
### EEOC NO: 16AA02216

Dear Mr Young:

Notice is hereby given that pursuant to Section 46a-83(b) of C.G.S, the Commission has
processed your complaint through its Merit Assessment processes.
Further, you are hereby notified that as a result of these activities, your complaint has
been dismissed out for the reason that there is no reasonable possibility that further
investigation will result in a finding of reasonable cause.  You alleged that you were not
hired on or about March 21, 2000 by the respondent because of your race, African
American and age, DOB: 2/1/59.

The respondent denied the allegations and provided evidence in support of their answers.
* You were not hired because of your inconsistent employment record.

The evidence does not support your allegation that you were not hired by the respondent,
because of your race, African American and age, DOB: 2/1/59  Finally, you did provide a
rebuttal to the respondent's answer, and you disagreed, but did not provide any
supporting evidence.

The complainant may apply for reconsideration, requesting that the Commission
reconsider its decision dismissing the complaint, as provided in subsection (b) of Section
46a-83 of the C.G.S. (formerly Public Act 94-238).

F    o    r    m        L    e    t    t    e    r              4    0    7
Revised 7/1/98

The reconsideration request must be in writing and **filed** at the Commission's administrative office stated on the letterhead **within fifteen (15) calendar days from the date of this letter**.

It is the complainant's responsibility to file a timely request. No additional information after this fifteen (15) day period will be considered. Untimely requests will not be considered. The request should state specifically the grounds upon which the application is based. Generally, no new documentation or evidence can be considered as only documentation in the case file at the time of dismissal will be reviewed. Any request for reconsideration must be submitted to the regional office listed on the letterhead.

A copy of your request for reconsideration must be mailed to the respondent and respondent's attorney, if any, at the address listed at the bottom of this letter. You should certify that you have done so in your request for reconsideration filed with the Commission. If you do not request reconsideration of the dismissal of your complaint, you will be issued a release of jurisdiction which grants you the right to file a civil action in Superior Court.

The complainant may appeal this disposition to the Superior Court of the State of Connecticut if reconsideration of the dismissal is requested and denied.
Any appeal must strictly comply with all of the applicable statutory procedures, requirements, and time frames.

You may wish to consult an attorney regarding the proper filing of an administrative appeal.

Sincerely,

Tanya A. Hughes
Regional Manager
wa

cc:    Complainant's Attorney:
       Thomas W. Bucci
       Willinger, Willinger & Bucci, PC
       855 Main Street
       Bridgeport, CT 06604

STATE OF CONNECTICUT

MAR 2 7 2004

COMM. ON HUMAN RIGHTS
& OPPORTUNITIES
WEST CENTRAL REG.

DEFENDANT'S
EXHIBIT  13
Young
2/27/04 kms

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

DATE: _____     CASE NO.: 00 3446
                                            16aa 0377l

My name is BASIL YOUNG _____ and I reside at 3370 Madison Avenue
_____ Bridgeport, CT 06006

The respondent is PRECISION SENSORS DIVISION _____ whose business
address is 50 Seemans Lane, Milford, CT 06460 _____

I was
( ) terminated                    ( x) not hired
( ) suspended                     ( ) not promoted
( ) demoted                       ( ) harassed ( ) sexually harassed
( ) warned                        ( ) retaliated against
( ) placed on probation           ( ) earing a different rate of pay
( ) given a poor evaluation       ( ) constructively discharged
( ) denied a raise                ( ) delegated difficult assignments
( ) less trained                  ( ) other _____
( ) discriminated against in terms and conditions of employment
on February 9, 2000 ____ and believe that my

(xx) race - African American       ( ) national origin -
( ) color -                        ( ) ancestry -
( ) sex [ ] male [ ] female        ( ) religious creed -
(x) age DOB: 2-1-59                ( ) marital status -
( ) previously opposed, filed      ( ) physical disability -
    or assisted                    ( ) mental disorder -
( ) sexual orientation             ( ) mental retardation -
                                   ( ) learning disability -

was in part a factor in this action.  I believe that the respondent
violated the following Connecticut General Statutes and other acts
listed below; ( ) enforced through C.G.S. § 46a-58(a) (if applicable):

(xx) 46a-60(a)(1)          ( x) Title VII of the Civil Rights Act of 1964,
( ) 46a-60(a)( )               as amended, 42 U.S.C. 2000e and the Civil
( ) 46a-60(a)( )               Rights Act of 1991{cite for 15+ employees}
( ) 46a-60(a)(7)( )( )( )( ) (x) Age Discrimination in Employment Act of
( ) 46a-60(a)(8)( )( )( )( )    1967, 29 U.S.C. 621-634 {cite for 20+
( ) 46a-                       Employees}
( ) 46a-                   ( ) Americans with Disabilities Act, 42 U.S.C.
( ) 46a-80( )                  12101 et seq {cite for 15+ employees}
( ) 46a-81( )( )( )        ( ) Equal Pay Act of 1964
( ) 46a-81( )( )( )        ( ) Section 504 of the Rehabilitation Act of
                               1973, as amended

other_____

# AFFIDAVIT OF BASIL YOUNG

1.      I am a citizen of the United States and I reside at 3370 Madison Avenue, Bridgeport, Connecticut.

2.      On or about October 26, 1999, I was recruited and hired by Thomas Schakner of the Monroe Group, Inc., a personnel placement agency, for employment in a ninety day temporary to permanent job position as an assembly technician for the Respondent, Precision Sensors Divisions.

3.      Mr. Thomas Schakner informed me that Precision Sensors Division was hiring for permanent positions.

4.      My temporary employment through the Monroe Group, Inc., would be considered a probationary period of employment during which my performance would be the determining factor in whether I would receive permanent employment.

5.      I informed Mr. Thomas Schakner that I had no interest in a strictly temporary position.

6.      Mr. Thomas Schakner assured me that if my performance during the probation period met Precision Sensors Division's job requirements, I would be converted to a permanent position.

7.      I was informed by Thomas Schakner that Precision Sensors Division had recently converted temporary assignments from the Monroe Group into permanent positions with Precision Sensors Division.

8.     On or about December 6, 1999, in a meeting with the Production Manager for the Respondent, Paul Zachowski, I was informed that I was performing in an excellent manner and that I had greatly improved the productions of the STA-SET line and " to keep up the good work."

9.     During my ninety day probation period, I performed my work in an excellent manner.

10.    During my ninety day probation period, the Respondent never complained about my job performance.

11.    On or about January 28, 2000, having completed the ninety day probation period, I contacted Mr. Thomas Schakner with the Monroe Group after not hearing from either the Monroe Group, Inc. or Precision Sensors Division concerning converting my employment to permanent status.

12.    Mr. Thomas Schakner informed me that Precision Sensors Division had submitted an invoice to hire me permanently according to Ms. Ranie Martin, Personnel Manager at Precision Sensors Division.

13.    Despite assurances to the contrary, the Respondent has never extended permanent employment to me.

14.    There is no legitimate reason for the Respondent for rejecting my request for permanent employment.

15.    I am an African American and believe that my race was a motivating factor in the decision by  Precision Sensors Division in refusing to hire me to a permanent position.

refusal to hire me to a permanent position.

    17.    I am over 40 years of age.

    18.    I believe that my age was a motivating factor in the Respondent's refusal

    to employ me.

IMPORTANT: YOU MUST OBTAIN A NOTARIZATION OF YOUR COMPLAINT BEFORE YOU RETURN THIS FORM.

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to mu under the above cited laws and secure for me any remedy to which I may be entitled.

BASIL YOUNG, _____ being duly sworn, on oath, states that s/he is the Complainant herein; that s/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except at to the matter herein stated on information and belief and that as to these matters s/he believe the same to be true.

Dated at _Bridgeport_____, Connecticut this _23rd_ day of _March___, XXXXXXX  2000.

_____
(Complainant's Signature)
Basil Young

Subscribed and sworn to before me this _23rd_ day of _March,_____, XXXXXXX  2000.

_____
Notary Public/Commissioner of
The Superior Court
Thomas W. Bucci

My commission expires:_____



CONNECTICUT COMMISSION on HUMAN RIGHTS & OPPORTUNITIES

Certified Mail No. ___2424 865202___

July 31 2000

Basil Young
3370 Madison Ave.
Bridgeport, Ct.  06606

## NOTICE OF FINAL AGENCY ACTION

    CHRO NO.:0030446 Young   v. Precision Sensors Division
    EEOC NO.:16aa03221

Dear Mr. Young:

Notice is hereby given that pursuant to Section 46a-83(b) of
C.G.S, the Commission has processed your complaint through its
Merit Assessment processes.

Further, you are hereby notified that as a result of these
activities, your complaint has been reviewed out for the reason
that there is no reasonable possibility that further
investigation will result in a finding of reasonable cause
inasmuch as it was determined that there is a lack of evidence to
indicate that you were denied hire due to your race, color or
age.   The respondent has indicated that it was not seeking to
fill any permanent positions in February of 2000 and it does not
appear that they did.  There is evidence to indicate  that
African American individuals and an individual who was older than
you were hired within the three months prior to February of 2000.
Nor is does it appear that you formally applied for any existing
permanent opening.  Finally, you did not provide any additional
substantive information which might refute the response.

The complainant may apply for reconsideration, requesting that
the Commission reconsider its decision dismissing the complaint,
as provided in subsection (b) of Section  46a-83 of the C.G.S.
(formerly Public Act 94-238).  The reconsideration request must
be in writing and **filed** at the Commission's administrative office

stated on the letterhead **within fifteen (15) calendar days from
the date of this letter**.  It is the complainant's responsibility
to file a timely request.

No additional information after this fifteen (15) day period <u>will</u>
be considered.  Untimely requests

FL407(1)



Issued 1
Revised 1

50 LINDEN STREET, WATERBURY, CONNECTICUT 06702 (203) 596-4237 FAX (203) 596-4241

*Affirmative Action / Equal Opportunity Employer*

# EXHIBIT E

# SIKORSKY AIRCRAFT LEAVING NOTICE

SOCIAL SECURITY NUMBER  047 – 60 – 3633

DATE TYPED _____

[X] HOURLY    [ ] SALARY

NAME _____ YOUNG, Basil S. _____    CLOCK NO. H34181    DEPT. NO. S3200-1
           Last      First      Initial

*FORWARDING ADDRESS _____ 3370 Madison Ave., Bridgeport, CT  06606

DATE OF TERMINATION  6/21/01    LAST CALENDAR DAY WORKED  6/21/01    HOUR OF LEAVING _____ A.M./P.M.

[ ] RESIGNED    [X] DISCHARGED    ABILITY  Good    CONDUCT  Good    ATTENDANCE  Good

REASON FOR TERMINATION    XXXXXXXXXXX  Falsification of Comapny Documents

| No. Of Vacation Days Taken To Date |
| --- |

## INSTRUCTIONS

1. ORIGINATING DEPT.— Fill in upper portion of form COMPLETELY. *OBTAIN FORWARDING ADDRESS FROM TERMINATING EMPLOYEE.
2. After Dept. Supervisor's approval, remove LAST THREE COPIES of form (2 green copies plus white Property Clearance).
3. Forward the advance green copies to Payroll and Personnel.
4. HOLD WHITE PROPERTY CLEARANCE (Last Copy), TO BE COMPLETED BY SUPERVISOR AND DELIVERED TO PAYMASTER'S OFFICE BY THE TERMINATING EMPLOYEE.
5. Upon approval of Dept. Manager, forward remaining copies of the Leaving Notice to the Personnel Dept.

SA 291 REV. I

### FOR PERSONNEL USE ONLY

| Date Hired | Termination Code |
| --- | --- |
| 5/29/01 | 2003 |

APPROVAL SIGNATURES

| Foreman or Supervisor | Department Supervisor |
| --- | --- |
| *[signature]* | |
| *[signature]* Department Manager | *[signature]* Personnel Department |

## PERSONNEL DEPARTMENT

UNEMPLOYMENT NOTICE. UC-61 (R. 8/95)

1. CONN. REGISTRATION NO.  3 4 1 7 8 0 1
2. NCCI CODE/CLOCK NUMBER

COMPANY NAME, STREET, TOWN, STATE and ZIP CODE ADDRESS TO WHICH NOTICE OF FACT FINDING HEARING WILL BE SENT.

SIKORSKY AIRCRAFT DIVISION
UNITED TECHNOLOGIES CORP.
6900 MAIN STREET
STRATFORD, CONN.  06615-9129
34-178-01

4. EMPLOYEE'S NAME  YOUNG, BASIL
5. EMPLOYEE'S SOCIAL SECURITY NO.  047 60 3633 : TERM 06/21/01
6. WAGES FOR LAST WEEK OF WORK FROM SUNDAY TO DATE LAST WORKED (If less than full week)

| NO. OF HOURS | WAGES |
| --- | --- |

7. LENGTH OF MOST RECENT PERIOD OF EMPLOYMENT

| YRS. | MOS. | DAYS |
| --- | --- | --- |
| | | 17 |

8. DATE LAST WORKED  05/29/01.

9. RETURN TO WORK DATE (Only if definite)

10. Will any payment be made or has any payment been made which is not wages for work actually performed?  [ ] NO  [ ] YES

11. REASON FOR UNEMPLOYMENT

1. [ ] Lack of work
2. [ ] Voluntary leaving
3. [ ] Discharged for willful misconduct
4. [ ] Discharged for felonious conduct or larceny
5. [X] Other _____  DISCHARGED

12. TYPE OF PAYMENT (If yes above)

1. Severance  2. Vacation
3. Holiday  4. Other

| TYPE | No. of Hours/Days Covered | AMOUNT | DATES COVERED |
| --- | --- | --- | --- |

13. LAST DATE COVERED BY PAYMENT

14. I certify that the information in this notice is true and correct

*[signature]*

Manager-Employee Relations
SIGNATURE AND TITLE OF OFFICIAL    DATE

Office Use
Clmt. Stmt. Yes

## Sikorsky
A United Technologies Company

EMPLOYMENT INTERVIEW RECORD

TIME: APPLICATION COMPLETED _5:20 p.m._    INTERVIEW STARTED _5 pm_

NAME OF APPLICANT _Basil Young_    DATE _5/4/01_

PERSONNEL DEPARTMENT INTERVIEWER _Joe Downs_

---

SUPERVISOR TO MARK THE CIRCLE(S) FOR REQUIRED COMPANY TRAINING.

Assembler/Riveter  ◯    Solder Certification  ◯

Electrical Assembly  ◯    Torque Certification  ◯

Electrical Installers  ◯    Other Training:  ◯

ESD Certification  ◯    _____

ESD Familiarization  ◯    _____

Note: If any of the above circles are marked, forward a copy of Employment Interview Record to Training, MS B208A

---

R. Emickson

REFERRED TO - SUPERVISOR _Joe Dodge_    DEPARTMENT _3200_

FOR: _Electrical Installer B_    _2302-8_    _AFA 4896_

JOB TITLE    CODE & GRADE    REQUISITION NUMBER

COMMENTS:

_Has experience with electrical assemblies and wire harnesses. Knows how to use a volt/ohm and perform continuity checks. Knows how to read blueprints, schematics and wiring diagrams. Was a former employee._
_- Train on 1st shift._

---

NOTE - OFFERS OF EMPLOYMENT ARE TO BE MADE ONLY BY EMPLOYMENT SECTION.

SUPERVISOR'S RECOMMENDATION    PROC: 5/17/01 1pm

☒ RECOMMEND OFFER OF EMPLOYMENT FOR THE FOLLOWING JOB:    START: 5/29/01 7:30am

| DEPT. OR ACCT. | SHIFT | JOB CODE | GRADE | BASE RATE | RATE POS. |
|---|---|---|---|---|---|
| 3200 | 2 | 2302 | 8 | 15.62 | |

| JOB TITLE | SHIFT STARTING TIME | MEDICAL DATE |
|---|---|---|
| Electrical Installer "B" | 3:30 pm | |

◯ DO NOT RECOMMEND OFFER OF EMPLOYMENT:    CLK #

REASON:    _June 4th    NED_    H34181

SUPERVISOR _Joseph A. Downs_

YOUNG, BASIL