## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BASIL YOUNG, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:03CV0216(MRK) |
| | : | |
| v. | : | |
| | : | |
| COOPER SURGICAL, INC., | : | |
|    Defendant. | : | June 7, 2004 |

## MOTION TO STRIKE PORTIONS OF THE AFFIDAVITS OF THOMAS WILLIAMS, JOANNE AUGUSTINE AND THOMAS FLYNN SUBMITTED BY THE DEFENDANT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

*I. Background*

     The plaintiff moves to strike certain portions of the affidavits of Thomas Williams, Thomas Flynn and Joanne Augustine, which were submitted by the defendant in support of its motion for summary judgment. The affidavits contain numerous hearsay statements, which would not be admissible into evidence at trial.

*II. Discussion*

     Federal Rule of Civil Procedure 56(e) provides, in relevant part, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify

to matters stated therein." The affidavits submitted by the defendant attempt to introduce unverified statements, not made by the affiant, but by third parties into evidence. The statements would be inadmissible hearsay at trial. As such, the statements are improper and should be stricken from the defendant's submission. L.Civ. R. 56 (a) 3 requires "[e]ach statement of material fact by a movant in a Local Rule 56(a)1 Statement...be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." The unverified statements of witnesses in the affidavit of another witness are an improper circumvention of the requirements of the local rules. The statements are not contained in the affidavit of the witness to whom the statement is attributed, and the statements, standing alone, would not be admissible as evidence at trial. "The principles governing admissibility of evidence do not change on a motion for summary judgment. Rule 56(e) provides that affidavits in support of and against summary judgment 'shall set forth such facts as would be admissible in evidence.' Fed. R. Civ. P. 56(e) (emphasis added); see also *Community of Roquefort v. William Faehndrich, Inc*., 303 F.2d 494, 498 (2d Cir. 1962) ('Since the object [of summary judgment] is to discover whether one side has no real support for its version of the facts, the Rule specifically states that affidavits shall 'set forth such facts as would be admissible in evidence.'') (citation omitted). Therefore, only admissible evidence need be considered by

the trial court in ruling on a motion for summary judgment. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988); see also *United States v. United States Gypsum Co.*, 340 U.S. 76, 85, 95 L. Ed. 89, 71 S. Ct. 160 (1950) (right to present evidence to a court on summary judgment does not require the court to admit irrelevant evidence); *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 175-76 (5th Cir. 1990) ('As a general rule, the admissibility of evidence on a motion for summary judgment is subject to the same rules that govern the admissibility of evidence at trial.')." *Raskin v. Wyatt Co*., 125 F.3d 55, 66 (2d Cir. 1997). See also *Barlow v. Connecticut*, 2004 U.S. Dist. LEXIS 9237, 10-11 (U.S. Dist., 2004) ("The principles concerning admissibility of evidence do not change on a motion for summary judgment. *Raskin v. Wyatt Co*., 125 F.3d 55, 66 (2d Cir. 1997); *Newport Elecs. v. Newport Corp*., 157 F. Supp. 2d 202, 208 (D.Conn. 2001). Accordingly, a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay, conclusory statements, are incomplete, or have not been properly authenticated. See, e.g. *Hollander v. American Cyanamid Co.,* 999 F. Supp. 252, 255-56 (D.Conn. 1998*); Dedyo v. Baker Eng'g N.Y*., 1998 U.S. Dist. LEXIS 132, 1998 WL 9376 at *4 (S.D.N.Y. 1998).").

*III. Affidavit of Joanne Augustine*

¶ 9. The paragraph is replete with purported statements given by Jeanette Freese to Joanne Augustine. At trial, these statements would be inadmissible as hearsay. As such, this paragraph should be stricken from the Augustine affidavit.

¶10. The paragraph contains inadmissible hearsay and should be stricken in its entirety.

¶11. The paragraph contains inadmissible hearsay and should be stricken in its entirety.

¶12. Because the paragraph relies on hearsay, "Ms. Freese and Mr. Rutowski...relayed exactly the same facts:, it should be stricken. Further, the paragraph is inadmissible because it contains a "conclusory" statement without supporting facts.

¶13. The paragraph is "conclusory" and is based solely on inadmissible hearsay, and should be stricken.

¶16. The paragraph is replete with purported statements given by Jeanette Freese to Joanne Augustine. At trial, these statements would be inadmissible as hearsay. As such, this paragraph should be stricken from the Augustine affidavit.

¶17. The paragraph is filled with statements allegedly made by the plaintiff. They are not admissions, and, therefore, at trial, these statements would be inadmissible as hearsay. As such the paragraph should be stricken from the Augustine affidavit.

¶18. The paragraph contains inadmissible hearsay and should be stricken in its entirety.

¶20.  The paragraph contains inadmissible hearsay in that Augustine has no way of knowing the reason Mr. Williams ended the meeting other than through Mr. Williams telling her the reason.  As such, the paragraph should be stricken as inappropriate hearsay.

¶21.  The paragraph is "conclusory" and should be stricken.

### IV. *Affidavit of Tom Flynn*

¶22.  Paragraph 21 attempts to introduce into evidence the statements purportedly made by Jeanette Freese.  These statements amount to inadmissible hearsay, and the paragraph should be stricken.

¶24. The statements of Jeanette Freese contained in this paragraph should be stricken as inadmissible hearsay.

¶25. The paragraph is "conclusory" and should be stricken.

### V. *Affidavit of Thomas Williams*

¶28.  The paragraph is replete with purported statements given by Jeanette Freese to Thomas Williams.  At trial, these statements would be inadmissible as hearsay.  As such, this paragraph should be stricken from the William's affidavit.

¶29 The paragraph is "conclusory" and is based solely on inadmissible hearsay, and should be stricken.

¶30. Paragraph 30 attempts to introduce into evidence the statements purportedly made by Jeanette Freese. These statements amount to inadmissible hearsay, and the paragraph should be stricken.

¶31. Paragraph 31 in its entirely is based on the hearsay statements of Ms. Freese and Mr. Flynn. The paragraph should be stricken as inadmissible hearsay.

¶32. Paragraph 32 is "conclusory" and should be stricken.

                THE PLAINTIFF – BASIL YOUNG

                BY_____
                Thomas W. Bucci, for
                WILLINGER, WILLINGER & BUCCI, P.C.
                855 Main Street
                Bridgeport, CT  06604
                Tel: (203) 366-3939
                Fax: (203) 337-4588
                Fed. Bar #ct07805
                Email:thomasbucci@earthlink.net

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing *Motion to Strike* has been sent, by First Class Mail, postage prepaid, on this 7th day of June, 2004, to:

Deborah Dehart Cannavino, Esquire
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT  06901-2501

Lori B. Alexander, Esquire
Tyler, Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06510

                                                      _____
                                                         Thomas W. Bucci