## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BASIL YOUNG, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:03CV0216(MRK) |
| | : | |
| v. | : | |
| | : | |
| COOPER SURGICAL, INC., | : | |
|    Defendant. | : | July 8, 2004 |

### PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION TO STRIKE

    The defendant's response to the plaintiff's motion to strike is to assert that the statements made by Jeanette Freese, to which reference is made in the affidavits of Thomas Williams, Joanne Augustine and Thomas Flynn, are not offered to prove the truth of the statements, "but to demonstrate that statements were made, and to demonstrate the effect of these statements on the listener, i.e., the affiant." However, a review of the defendant's memorandum in support of its motion for summary judgment clearly demonstrates that the defendant included these statements of Jeanette Freese, and Chet Rutkowski to prove the truth of their statements, not merely to demonstrate that the statements were made or the effect of the statements on the affiant. In its statement of facts, the defendant quotes liberally from the Augustine affidavit of assertions allegedly made by Freese and Rutkowski. There is no indication, whatsoever, that the defendant included these statements other than to assert that they were true. Freese's explanation of her

confrontation with the plaintiff was to rebut the plaintiff's description of the same event. Similarly, the testimony of Rutkowski was meant to corroborate the testimony of Freese, not merely to add support to the claim that statements had been made. Because the statements of Freese and Rutkowski, contained in the affidavits of Williams, Augustine and Flynn, are hearsay, they should be stricken.

      The defendant's belated attempt to insert an affidavit from Freese does not erase the material issues of fact which are clearly in dispute. The plaintiff's testimony regarding the incident with Freese and the events that took place in the "conflict resolution meeting" vary significantly from the description put forth by the defendant. The addition of another affidavit does not resolve these issues. They remain disputed. As such, summary judgment is inappropriate.

      THE PLAINTIFF – BASIL YOUNG

BY_____
Thomas W. Bucci, for
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Fed. Bar #ct07805
Email:thomasbucci@earthlink.net

2

## **CERTIFICATION**

I hereby certify that a copy of the foregoing *Reply Memorandum* has been sent, by First Class Mail, postage prepaid, on this 8th day of July, 2004, to:

Deborah Dehart Cannavino, Esquire
Fed. Bar No. CT 08144
Tyler, Cooper & Alcorn, LLP
One Landmark Square
Stamford, CT  06901-2501
Tel: 203-348-5555
Fax: 203-348-3875
E-mail Cannavino@TylerCooper.com

Lori B. Alexander, Esquire
Fed. Bar No. CT 08144
Tyler, Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06510
Tel: 203-784-8270
Fax: 203-789-2133
E-mail Alexander@TylerCooper.com

_____
Thomas W. Bucci